12 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Allen MUSCARELLA, Plaintiff,
and
Charles Jarvis Murray, Appellant,
v.
James McKEEVER, Alpha Omega Publishing Corp., dba Omega
Financial Services, Defendants-Appellee.
 No. 91-16816.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1993.
Filed July 23, 1993.
Withdrawn Nov. 23, 1993.
 
 Before: WALLACE, D.W. NELSON and O'SCANNLAIN, Circuit Judges.
 
 ORDER
 
 1
 The opinion of the district court is affirmed on the basis of its orders filed September 9, 1991 and November 12, 1991, with three exceptions. First, Count 3 charged that James McKeever and Alpha Omega Publishing Corp., dba Omega Financial Services, failed to comply with a Commodity Futures Trading Commission regulation regarding the publication of disclaimers. Since there was no causal connection between that omission and the claimed damages, inclusion of Count 3 was sanctionable for that reason. Second, sanctions are awarded under Federal Rules of Civil Procedure Rule 11 and 28 U.S.C. Sec. 1927. Third, we remand to the district court to determine how much of the appellees' fees and costs on their sanctions motion were included in the award against appellant, the sum of which should be deducted from the overall award. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 406 (Rule 11 should be understood as permitting an award only of those expenses directly caused by the filing at the trial level); see also Lockary v. Kayfetz, 974 F.2d 1166, 1178 (9th Cir.1992) (attorneys' fees for preparing a motion for sanctions should not be included in the overall sanctions award).
 
 
 2
 Attorneys fees and costs are awarded against Charles Jarvis Murray, pursuant to Rule 38, Federal Rules of Appellate Procedure, for filing a frivolous appeal. This case is remanded to the district court for the setting of fees.
 
 
 3
 SO ORDERED.